# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICHARD E. RITACCA,**

      **Plaintiff,**

  v.                                                                **Case No. 05-C-1283**

**STEPHEN MURPHY and JOHN DOE,**

      **Defendants.**

## DECISION AND ORDER

Richard Ritacca ("Ritacca") commenced this action by filing a complaint against Stephen Murphy ("Murphy") in Milwaukee County Circuit Court.[1] Ritacca alleged that Murphy used excessive force in violation of the Fourth Amendment, and that he also committed a battery in violation of Wisconsin tort law.[2] On December 12, 2005, Murphy filed a Notice of Removal. Murphy's motion for summary judgment is now pending before the Court.

---

[1] Ritacca also brought suit against an unknown defendant, John Doe. However, despite being allowed to conduct discovery, Ritacca still is unable to identify John Doe. John Doe, therefore, will be dismissed. *See West v. Overbo*, 2006 WL 2845698, at *8 (E.D. Wis. Sept. 29, 2006).

[2] Ritacca also alleged in his complaint violations against his right to be free of cruel and unusual punishment and equal protection. In his response brief to Murphy's motion for summary judgment, Ritacca concedes he cannot support those claims. Thus, the Court will dismiss them.

1

# BACKGROUND

The following facts are without dispute.[3] Murphy, at all relevant times, was a police officer for the Village of Hales Corners Police Department ("HCPD"). On December 23, 2004, Ritacca was arrested by the HCPD because his wife lodged a domestic abuse complaint alleging that Ritacca was threatening her with scissors. After being transported to the HCPD, Ritacca was booked and placed in a holding cell. While in the holding cell, Ritacca yelled, cried, and kicked the cell door. He also swore and exclaimed personal insults at the officers.

Eventually, the officers informed Ritacca that they were going to transport him to downtown and that he had to be handcuffed for the transport. During his transport from the holding cell to the squad car, Ritacca passed into an administrative area of the HCPD and observed a tape recorder on the edge of a sink. Ritacca became upset when he saw the tape recorder and knocked it into the sink with his elbow.

After Ritacca knocked the tape recorder into the sink, Murphy removed Ritacca's eye glasses, secured his neck with his left arm, and secured his head by grabbing his hair. Once he secured Ritacca, he pulled Ritacca down a hallway to a squad car.

Ritacca alleges that the tactic Murphy used to move him to the squad car aggravated a neck injury he had previously suffered and caused him emotional distress.

---

[3] The parties dispute some factual issues, but those disputes need not be resolved to decide the merits of this case.

**STANDARD OF REVIEW**

A court will grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. When considering the movant's case, the Court takes all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Hall v. Bennett*, 379 F.3d 462, 465 (7th Cir. 2004). If the movant meets his burden, the nonmovant may not rest on the pleadings. Instead, the nonmovant must come forward with evidence that there is a genuine issue for trial that would support a reasonable jury verdict on every issue for which he bears the burden of proof at trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248 (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)); *Celotex Corp.*, 477 U.S. at 322-24. If the nonmoving party bears the burden of proof on a matter at trial, and he is unable "to establish the existence of an element essential to [his] case," summary judgment is appropriate. *Celotex*, 477 U.S. at 322-23.

**DISCUSSION**

In this suit under 42 U.S.C. § 1983, Ritacca alleges that Murphy violated the Fourth Amendment by using force that was excessive under the circumstances. Murphy, on the

3

other hand, argues that he is entitled to qualified immunity. The threshold question in a qualified immunity defense is whether, given the facts taken in the light most favorable to the plaintiff, there is any merit to the underlying constitutional claim. *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Norfleet v. Webster*, 439 F.3d 392, 395 (7th Cir. 2006). If so, the Court inquires whether the right was clearly established at the time of the alleged injury. *Saucier*, 533 U.S. at 202. Therefore, the Court begins with an analysis of Ritacca's claim of excessive force.

Excessive force claims arise under the Fourth Amendment and are analyzed under the "reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386, 396 (1989); *Tennessee v. Garner*, 471 U.S. 1, 8 (1985). The standard is not defined precisely, nor is it applied in a mechanical fashion. *Graham*, 490 U.S. at 396. It instead requires a balance of "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* (internal quotations and citations omitted). The inquiry is an objective one and is implemented "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id*. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Id*. Also, to hold "that police officers act within the bounds that the Constitution sets is not necessarily to say that they have acted wisely." *Bell v. Irwin*, 321 F.3d 637, 641 (7th Cir. 2003).

4

The tactic Murphy used to move Ritacca to the squad car was objectively reasonable under the circumstances. There is no dispute that after Ritacca was arrested for an alleged domestic abuse, he was unruly in his holding cell. Ritacca was yelling and kicking the cell door, while also swearing and hurling personal insults at the officers. It was reasonable, therefore, that Murphy would be concerned that Ritacca might be uncooperative after they removed him from the holding cell. Indeed, during the transport Ritacca was uncooperative. He inexplicably decided to stop and knock a HCPD tape recorder into a sink with his elbow. Upon seeing that uncooperative behavior, and being aware of Ritacca's previously unruly behavior in the holding cell, Murphy decided to use force to move Ritacca to the squad car. He removed Ritacca's eye glasses before securing Ritacca's neck with his left arm and securing Ritacca's head by grabbing his hair with his right hand. After getting Ritacca in this position, he moved him into the squad car. Murphy did not use further physical force after he secured Ritacca in the vehicle. Ritacca's erratic behavior in the holding cell, combined with his uncooperative act on the way to the squad car, made Murphy's tactic a reasonable one under the circumstances.

Even if Murphy's use of force was unreasonable, Ritacca certainly did not meet his burden of defeating Murphy's qualified immunity defense. Ritacca has the burden of showing that it was "clearly established" that Murphy's tactic violated the Fourth Amendment. "To prove the presence of a clearly established constitutional right, the plaintiff must point to closely analogous cases decided prior to the defendants' alleged actions."

5

*Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 353 (7th Cir. 2005) (quoting *Upton v. Thompson*, 930 F.2d 1209, 1212 (7th Cir. 1991)). Ritacca, though, does not cite or discuss one case that he claims was analogous to the instant action.

A plaintiff still can meet his burden of defeating the qualified immunity defense even without citing a closely analogous case if the force used was so excessive that a constitutional violation was "patently obvious." *Boyd v. Owens*, 2007 WL 851242, at *6 (7th Cir. March 22, 2007). Murphy's act was not an obvious constitutional violation. Ritacca was unruly in his holding cell and was uncooperative when the officers were attempting to move him to the squad car. In these circumstances, it was reasonable for Murphy to think that the use of some force was necessary to move him to the vehicle.

Ritacca also alleged a state law claim of battery against Murphy, which Murphy did not move to dismiss in his motion for summary judgment. However, because Ritacca's federal claim will be dismissed, the Court will not exercise supplemental jurisdiction over the state law claim. *See* 28 U.S.C. § 1367(c)(3).[4]

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Murphy's Motion for Summary Judgment (Docket No. 19) is **GRANTED**.

Ritacca's Motion *In Limine* (Docket No. 17) is **DENIED**, as moot.

---

[4] Ritacca also filed a motion *in limine* to strike certain evidence submitted by Murphy. The Court will deny that motion as moot, because the Court did not need to consider the evidence which is the subject of that motion to decide Murphy's motion for summary judgment.

6

The clerk is directed to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin this 16th day of April, 2007.

        **BY THE COURT**

        s/ Rudolph T. Randa

        _____
        **Hon. Rudolph T. Randa**
        **Chief Judge**